**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE SUTTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 cv 4541 |
| v. | ) | |
| | ) | |
| STEPHEN CALK and THE FEDERAL | ) | Judge Joan H. Lefkow |
| SAVINGS BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>NOTICE OF FILING</u>**

To:     John D. Galarnyk
        Andrew J. Cuniff
        John Romanucci

PLEASE TAKE NOTICE that, on August 6, 2021, the attached The Federal Savings Bank's Response to Suttle's Local Rule 56.1(a)(2) Statement of Material Facts was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.

**THE FEDERAL SAVINGS BANK**

By     /s/   Daniel S. Hefter
        One of Its Attorneys

Daniel S Hefter
**HEFTER LAW, LTD.**
22 W. Washington
Suite 1500
Chicago, IL 60603
(312) 264-6565
dhefter@hefter-law.com

Dated: August 6, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE SUTTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 cv 4541 |
| v. | ) | |
| | ) | |
| STEPHEN CALK and THE FEDERAL | ) | Judge Joan H. Lefkow |
| SAVINGS BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**THE FEDERAL SAVINGS BANK'S RESPONSE TO SUTTLE'S LOCAL RULE
56.1(a)(2) STATEMENT OF MATERIAL FACTS**

Defendant/counter-plaintiff The Federal Savings Bank ("TFSB") responds as follows to Suttle's Local Rule 56.1(a)(2) Statement of Material Facts:

1. In 2016, Stephanie needed a loan to buy-out her ex-husband's interest in their former marital home located at 13148 Brushwood Way, Potomac, Maryland 20854.

**RESPONSE:** Denied. Stephanie Suttle ("Suttle") was under no compulsion to purchase her ex-husband's interest in the home, the purchase price for that interest, if she chose to make the purchase, was $398,276.34, and Suttle had sufficient funds to make that purchase without a loan. (Exhibit B to Suttle's Local Rule 56.1(a)(2) Statement of Material Facts; Stephanie Suttle deposition, attached hereto as Exhibit A, p. 13; Defendants' Third Request for Admissions, attached hereto as Exhibit B, ¶7 and Exhibits 37 through 40 thereto; Stephanie Suttle's Answers to Defendants' Third Request for Admissions, attached hereto as Exhibit C.)

2. Stephanie and her ex-husband owned the house jointly as tenants by the entirety.

**RESPONSE:** Admitted.

3. In Fall of 2016, Stephanie informed the Defendants that she needed a loan to buy-out her

ex-husband's interest in their former marital home in Maryland.

**RESPONSE:** Denied. The evidentiary materials cited in support of this assertion do not establish it and, although Suttle wanted a loan to make the purchase, she did not need a loan because (a) she was under no compulsion to make the purchase and (b) if she chose to make the purchase, she had sufficient funds to do so without a loan. (Exhibit B to Suttle's Local Rule 56.1(a)(2) Statement of Material Facts; Stephanie Suttle deposition, attached hereto as Exhibit A, p. 13; Defendants' Third Request for Admissions, attached hereto as Exhibit B, ¶7 and Exhibits 37 through 40 thereto; Stephanie Suttle's Answers to Defendants' Third Request for Admissions, attached hereto as Exhibit C.) There is no evidence in the record that Suttle ever told Calk or TFSB that she needed (as opposed to wanted) a loan.

4. On October 28, 2016 at 11:45 a.m., FSB completed a wire transfer of $398,276.34 [to] Lerch, Early, & Brewer, a Maryland law firm, for Stephanie to pay off the existing mortgage on the home and to buy-out her ex-husband's interest in their former marital home.

**RESPONSE:** Admitted, except that the time of completion of the wire transfer was 11:44:22 a.m. (Exhibit B to Suttle's Local Rule 56.1(a)(2) Statement of Material Facts.)

5. Stephanie did not receive, or sign, the loan documents until after FSB had disbursed the loan funds.

**RESPONSE:** Denied. The evidentiary materials cited in support of this assertion do not establish it. Although the loan proceeds were sent to Lerch, Early, & Brewer, which was coordinating the transaction, before Suttle received or signed the loan documents, there is no evidence that Lerch, Early & Brewer disbursed the funds to the seller before Suttle signed the loan documents. TFSB wired the funds to Lerch, Early & Brewer at 11:44:22 a.m. on October 28, 2016.

(Exhibit B to Suttle's Local Rule 56.1(a)(2) Statement of Material Facts.) Suttle received the loan documents at 4:28 p.m. Eastern Time on October 28, 2016 and returned the signed loan documents to TFSB between 6:27 p.m. and 6:29 p.m. Eastern Time on October 28, 2016. (Exhibit C to Suttle's Local Rule 56.1(a)(2) Statement of Material Facts; Affidavit of Ryan Murphy, attached hereto as Exhibit D and Sub-Exhibit A thereto;) The normal process is that the loan proceeds are sent by TFSB to the third party handling the closing sometime prior to the closing, and the funds are sometime thereafter disbursed by that third party to the seller at the closing. (Stephen Calk deposition, attached hereto as Exhibit E, pp. 75-82.) There is no evidence in the record of when the loan proceeds for this transaction were disbursed to the seller by Lerch, Early & Brewer.

6. On October 28, 2016, after the loan funds had already been disbursed, FSB sent Stephanie a series of loan documents to sign, including a Loan Note, Loan Agreement, Exhibit A to UCC-1 Statement, Borrower's Certificate, Deed of Trust Assignment of Rents and Security Agreement, Deposit Account and Security Agreement, Disbursement Request and Authorization, and Environmental Indemnification Agreement.

**RESPONSE:** Denied. The evidentiary materials cited in support of this assertion do not establish it. Although the loan proceeds were sent to Lerch, Early, & Brewer, which was coordinating the transaction, before TFSB had sent the loan documents to Suttle, there is no evidence that Lerch, Early & Brewer disbursed the funds to the seller before TFSB sent Suttle the loan documents. TFSB sent the loan documents to Suttle via e-mail at 4:28 p.m. Eastern Time on October 28, 2016. (Exhibit C to Suttle's Local Rule 56.1(a)(2) Statement of Material Facts.) There is no evidence in the record of when the loan proceeds for this transaction were disbursed to the seller by Lerch, Early & Brewer.

7.  As a condition of making the loan, FSB required Stephanie to deposit $417,000 in a cash collateral account that it controlled.

**RESPONSE:** Admitted.

8.  The loan documents included a mortgage on Stephanie's home and a cash-collateral security interest over her bank account at FSB that held $417,000.

**RESPONSE:** Admitted.

9.  Before sending Stephanie the loan documents, FSB never provided her with any forms that disclosed the terms of the loan.

**RESPONSE:** Admitted.

10.  On July 25, 2018, Stephanie, through her attorneys, sent FSB a notice of rescission.

**RESPONSE:** Denied.  The notice was sent on July 5, 2018.  (Doc. #1, ¶¶33-34 and Exhibit A thereto.)

11.  FSB never responded to the July 25, 2018 notice of rescission.

**RESPONSE:** The defendants deny that any notice was sent on July 25, 2018 and admit that TFSB never responded to notice of rescission which was sent on July 5, 2018. .  (Doc. #1, ¶¶33-34 and Exhibit A thereto.)

## **OBJECTION TO ADMISSIBILITY OF EXPERT OPINION ON A QUESTION OF LAW**

The plaintiff has attached to her Local Rule 56.1 statement an affidavit and expert report of Jason Koontz, and has quoted from that report in her motion an opinion of Koontz that the loan at issue in this case is not a "residential mortgage transaction" within the meaning of that term as defined in the Truth in Lending Act, 15 U.S.C. § 1602(x).  That is a question of law for the Court.

Opinions on such questions are not admissible, whether they are lay or expert opinions. *See, e.g., Loeb v. Hammond*, 407 F.2d 779, 781 (7th Cir. 1969) ("The question of interpretation of the contract is for the jury and the question of legal effect is for the judge. In neither case do we permit expert testimony"); *N. V. Maatschappij Voor Industriele Waarden v. A. O. Smith Corp.*, 590 F.2d 415, 421 (2d Cir. 1978) (...[T]his disagreement was on a point of law...which was not a proper subject for witness testimony"); *Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 509–10 (2d Cir. 1977). TFSB objects to the admissibility of Koontz's opinion and asks that the Court hold the opinion to be inadmissible and disregard it.

THE FEDERAL SAVINGS BANK

By    /s/  Daniel S Hefter
One of Its Attorneys

Daniel S Hefter
**HEFTER LAW, LTD.**
22 W. Washington
Suite 1500
Chicago, IL 606062
(312) 264-6565
dhefter@hefter-law.com

Dated: August 6, 2021

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on August 6, 2021, the foregoing The Federal Savings Bank's Response to Suttle's Local Rule 56.1(a)(2) Statement of Material Facts was served on counsel for the plaintiff via the Court's electronic filing and service system.


     /s/ Daniel S. Hefter
Daniel S. Hefter

6